IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 17-cv-01398-LTB

MICHAEL JOHNSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

---

ORDER

---

Plaintiff Michael Johnson appeals Defendant's (the "Commissioner") final administrative decision denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act") and for supplemental security income under Title XVI of the Act. Jurisdiction in this appeal is proper pursuant to 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this appeal. After consideration of the briefs and the record, I affirm the Commissioner's decision.

## I. Statement of the Case

Following a hearing, Plaintiff's disability claim was denied in a decision dated December 28, 2016. The Appeals Council denied Plaintiff's request for review thereby rendering the ALJ's December 28, 2016 decision the Commissioner's final decision for purposes of my review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

## II. Statement of Facts

### A. Plaintiff's Disability Hearing

At the December 5, 2016 hearing on Plaintiff's disability claim, Plaintiff testified that he was seeking disability benefits because of his bipolar disorder which caused severe mood swings, feelings of hopelessness and worthlessness, suicidal ideations, frustration, anger, and paranoia.  AR 55.  Plaintiff further testified that he suffered from abdominal pain that limited his mobility, including his lifting capabilities.  AR 59-61.

The VE identified Plaintiff's past work as a clothing salesperson and a coffee shop counter attendant.  AR 63-4.  The ALJ asked the VE if a person with Plaintiff's work history who could perform work at all exertional levels but was limited to simple, routine, and repetitive tasks with only occasional interaction with supervisors and coworkers and only incidental interaction with the public could perform Plaintiff's past work.  AR 64.  The VE responded no but opined that such an individual could work as a hand packager, store laborer, and industrial cleaner.  If the individual was further limited to work at the light exertional level, the VE opined that the individual could work as a housekeeping cleaner, routing clerk, and small products assembler.  AR 65-6.   If the individual could have no contact with the public or coworkers, the VE opined that the individual would be limited to working as a night cleaner.  AR 66-7.  The VE further testified that employers generally do not tolerate employees being off task more than 10-15% of the workday.  AR 66.

## B. The ALJ's Decision

In his December 28, 2016 decision, the ALJ applied the five-step sequential process outlined in 20 C.F.R. §§ 404.1520(a). At the first step of the sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of September 25, 2014. AR 34. At the second step, the ALJ found that Plaintiff had impairments of status-post colosotmy and reversal, bipolar disorder, and panic disorder. *Id.* The ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 298.

The ALJ next concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) but was limited to simple, routine, and repetitive tasks; no more than occasional interaction with supervisors and coworkers; and no more than incidental interaction with the public. AR 37. Based on theVE's hearing testimony, the ALJ then found that Plaintiff was capable of performing jobs existing in significant numbers in the national economy and was therefore was not disabled within the meaning of the Act. AR 42-3.

## III. Standard of Review

In reviewing the Commissioner's decision, I must determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498. I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995).

## IV. Analysis

On appeal, Plaintiff argues that the ALJ erred (1) in finding that the severity of Plaintiff's mental impairments do not meet or medically equal the criteria of Listings 12.04 and 12.06; (2) in assessing Plaintiff's credibility; and (3) in finding that Plaintiff could perform other work.

### A. The ALJ's Analysis of Listings 12.04 and 12.06

The parties agree that in order to meet either Listing 12.04 (affective disorder) or Listing 12.06 (anxiety related disorder) under the circumstances of this case, Plaintiff's mental impairments had to cause at least two of the following: (1) marked restrictions in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. Plaintiff argues that in analyzing whether the applicable criteria were satisfied, the ALJ erroneously found that Plaintiff had only moderate difficulties in concentration, persistence, or pace. I disagree.

In support of his argument that the ALJ erred in finding that he had only moderate difficulties in concentration, persistence, or pace , Plaintiff cites the opinions of Stuart Kutz, Ph.D., who performed a consultative examination of Plaintiff on October 26, 2016. In his examination report, Dr. Kutz repeatedly noted

that Plaintiff rambled in responding to his questions and opined that "[r]elative to a competitive work setting throughout an 8 hour day, even for relatively simple settings, [Plaintiff's] attention/concentration, persistence and pace in task completion, and social adaptation would be at least markedly impaired." AR 640-46. Dr Kutz also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) wherein he opined that Plaintiff was markedly limited in his ability to carry out simple instructions and to make a judgment on simple work-related decisions and markedly to extremely limited in his ability to interact appropriately with others and to respond to changes in the work setting. AR 637-38.

In giving little weight to Dr. Kutz's conclusion that Plaintiff had more than moderate deficits in concentration, persistence, or pace, the ALJ stated that "though [Plaintiff] presented as tangential and rambling per Dr. Kutz, other treatment records do not consistently reflect such a presentation." AR 36-7. The ALJ also cited Plaintiff's "largely normal mental status findings;" regular attendance at AA meetings; ability to cook, clean, and do his own laundry; and past semi-skilled work with no reported difficulties from a mental standpoint in support of the assigned weight. AR 37.

The Commissioner provides citations to the record to support the ALJ's conclusion that Plaintiff's medical records generally reflect normal mental status examinations and adequate concentration and focus. *See e.g.* AR 589, 604, 619, 680, 689, 701 & 710. Plaintiff counters these citations with others that purport to show that Plaintiff suffers from anxiety, depression and poor concentration but Plaintiff's

citations are mostly inaccurate. *See* AR 678, 689, 701 & 710 (inaccurate citations). *But see e.g.* 608, 679, & 688 (supportive of Plaintiff's argument). The weight of the evidence cited by the parties supports the ALJ's conclusions that Plaintiff had largely normal mental status examinations and did not consistently present himself as having difficulties concentrating.

The ALJ also noted that Plaintiff's social interactions with his coworkers and through AA meetings did not support the extreme level of social impairment identified by Dr. Kutz. AR 36. *See also e.g.* AR 59, 649 & 726. In light of the evidence in the record that conflicted with Dr. Kutz's opinions, the ALJ did not err in concluding that his opinions were entitled to little weight and that Plaintiff had no more than moderate deficits in concentration, persistence, or pace. The ALJ therefore also did not err in concluding that Plaintiff's mental impairments do not meet or medically equal the criteria of Listings 12.04 and 12.06.

In reaching this conclusion, I have also considered the opinions of David O. Robinson, Ph.D., whose report was obtained and submitted to the Appeals Council after the ALJ's December 28, 2016 decision. Dr. Robinson's opinions suffer from the same flaws that the ALJ identified with respect to Dr. Kutz's opinions, chiefly that they are inconsistent with Plaintiff's treatment records during the applicable time frame. I also note that Dr. Robinson opined that Plaintiff had "some impairment" in his ability to maintain attention and concentration for extended periods in contrast to other areas of mental functioning where he opined that Plaintiff had "significant impairment." AR 27. This opinion appears contrary to Plaintiff's argument that he has marked rather than moderate limitations in concentration,

persistence, or pace in any event.

B. The ALJ's Assessment of Plaintiff's Credibility

Plaintiff argues that the ALJ erred in assessing Plaintiff's credibility by failing to take Plaintiff's mental impairments into account and by improperly considering his failure to take medication to treat his mental impairments. I disagree.

The ALJ concluded that although Plaintiff's impairments could reasonably be expected to cause the symptoms he alleged, his statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the evidence in the record. The same medical records cited by the ALJ to demonstrate that Plaintiff ALJ had largely normal mental status examinations also support the ALJ's conclusion that Plaintiff was not as mentally limited as he claimed. Additionally, in assessing Plaintiff's credibility, it was not improper for the ALJ to consider Plaintiff's failure to take prescribed medication without further considering the effect medication would have had on Plaintiff's ability to work. *Johnson v. Colvin,* 640 Fed. App'x 770, 774 (10th Cir. 2016).

"Credibility determinations are peculiarly the province of the finder of fact and ... will not [be] upset ... when supported by substantial evidence." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005) (citations omitted). Here, the ALJ's assessment of Plaintiff's credibility meets the requisite standard and is therefore affirmed.

C. The ALJ's Conclusion that Plaintiff Could Perform Other Work

Plaintiff argues that the ALJ erred by finding that Plaintiff could perform

other work existing in the national economy despite the VE's testimony that no work would be available to an employee who would be off task more than 10 to 15% of the time and that very limited work would be available to an employee who could have no contact with the public or coworkers. I disagree.

The ALJ's conclusion that Plaintiff could perform other work existing in the national economy is consistent with the VE's testimony that assumed the RFC assessed by the ALJ. Thus, in order to find that the ALJ erred in this conclusion, I must first find that the ALJ's erred in assessing Plaintiff's RFC. More specifically, I must find that the ALJ erred in failing to include additional limitations that Plaintiff would be off task more than 10 - 15% of the time and could have no interaction with the public or coworkers.

As previously discussed in this Order, the ALJ's conclusion that Plaintiff suffered from only moderate difficulties in concentration, persistence or pace is supported by substantial evidence in the record. Additionally, the ALJ discussed Plaintiff's social capabilities as demonstrated by his past work history, regular attendance at AA meetings, and statements to his treatment providers regarding his ability to handle tense social situations. AR 36, 40 & 41. I therefore conclude that the ALJ did not erred in failing to include additional limitations that Plaintiff would be off task more than 10 - 15% of the time and could have no interaction with the public or coworkers into Plaintiff's RFC. It follows that the ALJ did err in finding that Plaintiff could perform other work existing in the national economy despite the VE's testimony that such limitations would preclude the availability of such work.

## V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the Commissioner's decision is AFFIRMED.

Dated: December  10 , 2018 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE